IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  CR 04-0189-01   VRW |
| Plaintiff, | |
| v. | **ORDER FOR CRIMINAL PRETRIAL PREPARATION** |
| REY MARTINEZ, | |
| Defendant. | |

Good cause appearing, It is hereby ORDERED that:

A. <u>Trial Date:</u>   Trial before the JURY will begin on **Monday, September 11, 2006 at 8:30 a.m.** in Courtroom No. 6.

Estimated length of trial is  5  days.

B. <u>Motions and Pretrial Conference:</u>   All motions in limine and pretrial conference will be heard on **Tuesday, August 29, 2006 at 10:30 a.m.** in courtroom no. 6.  Motions dispositive of any claim, party or issue shall be filed in accordance with *Crim. Local Rule 47-1*.

Not less than four days before the pretrial conference, counsel for the government and defendant(s) shall

(1)   Serve and file a trial memorandum briefly stating the legal basis for the charges and the anticipated evidence, and addressing any evidentiary or other anticipated legal issues;

(2) Serve and file a list of all witnesses which may be called together with a brief of the testimony of each;

(3) Serve and lodge requested jury instructions in the following form:
  (a) any instruction contained in the Ninth Circuit Model Instructions Manual may be requested by designation of its number;
  (b) each other instruction shall be requested by setting forth the instruction in full test on a separate sheet with reference to supporting legal authority;

(4) Serve and lodge proposed voir dire of the jury panel;

(5) Serve and lodge a proposed form of verdict;

(6) Serve and lodge copies of all exhibits to be offered at trial together with a completed list of exhibits . Each item shall be premarked using the form of marker attached; generally, the government will use numbers, defendant letters.

Not less than four days before the conference, defense counsel shall comply with paragraphs (3) and (4) above, and to the extent consistent with the defendant's right to an effective defense, with paragraphs (1), (2) and (5).

In particular, counsel will be expected to confer in advance and be prepared to discuss with the court any anticipated evidentiary objections and means for shortening and simplifying the trial (e.g., by stipulations to such matters as chain of custody, the nature of substances, the use of the mail, etc.) *Crim. Local Rule 17.1-1.*

C. Copies: Each document filed or lodged with the court must be accompanied by a copy for use in the judge's chambers. In addition, one copy of the witness and exhibit list should be provided to the court reporter.

D. Transcripts: If transcripts will be requested during or immediately after the trial, arrangements must be made with the court reporter at least one week before trial commences.

E. Change of Plea. Counsel shall give prompt notice to the United States attorney and the Court of any intention to change a previously entered not guilty plea.

1      F.    <u>Witnesses</u>.    Once sworn, a witness should not confer with one of the lawyers.

2

3      G.    <u>Custodial Status</u>.    The court will not entertain any request concerning the custodial status of any defendant at any stage of the proceedings, unless accompanied by a writing stating that defendant's counsel has previously made the request of the agency which has custody of the defendant and the United States Attorney or his assistant and setting forth the position or response of the custodial agency and the United States Attorney and the steps taken by counsel to resolve any objections to the request advanced by the custodial agency, the United States Attorney or both.

                                                    _____

                                                    VAUGHN R. WALKER

                                                    United States District Chief Judge